IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| WILTEW, | : | |
| | : | |
|     Plaintiff, | : | |
| | : | |
| vs. | : | CIVIL ACTION 09-518-CG-M |
| | : | |
| JIMMY PARKER, | : | |
| | : | |
|     Defendant. | : | |

<u>REPORT AND RECOMMENDATION</u>

    The Motion to Remand filed by Plaintiff Wiltew (Doc. 5) has been referred for report and recommendation, under 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2.  Jurisdiction has been invoked in this Court under 28 U.S.C. § 1332 (Doc. 1).  After consideration, it is recommended that Plaintiff's motion be granted and that this action be remanded to the Mobile County Circuit Court for all further proceedings.

    The facts, very briefly, are as follows.  Wiltew is a manufacturing company organized under the laws of—and doing business in—Alabama (Complaint, ¶ 1).[1]  Defendant, Jimmy Parker, who resides in Mississippi, is a former employee of Wiltew (Complaint, ¶¶ 2-3; Doc. 2, ¶¶ 2-3).  Plaintiff asserts that Parker, while performing his duties to Wiltew, *inter alia*, intercepted information from various business customers and withheld that information from his employer which caused harm to

---

[1] The Complaint accompanies the Notice of Removal (Doc. 1).

Wiltew (Complaint, ¶¶ 4-5). On July 13, 2009, Plaintiff brought this action in the Mobile County Circuit Court against Parker, asserting three claims of intentional interference with a contractual and business relationship, fraudulent suppression of a material fact, deceit, willful deceit, breach of common law duty of loyalty, and stealing trade secrets; Wiltew also asserted that Parker is a faithless servant (Complaint). Wiltew seeks compensatory, consequential, and punitive damages (Complaint).

On August 12, 2009, Defendant removed this action, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332 (Doc. 1). Wiltew subsequently filed a Motion to Remand this action to the State Courts (Doc. 5); Parker filed a response (Doc. 11) to which Plaintiff has replied (Doc. 12).

In its removal petition, Defendant alleges that this Court has diversity jurisdiction under 28 U.S.C. § 1332 and that this action is removable pursuant to 28 U.S.C. § 1446 (Doc. 1). In a removal action, the party asserting jurisdiction has the burden of establishing proof of jurisdiction by a preponderance of the evidence. *McNutt v. General Motors Acceptance Corp. of Indiana, Inc.*, 298 U.S. 178 (1936); *see also Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1210 (11th Cir. 2007), *cert. denied sub nom Hanna Steel Corp. v. Lowery*, 128 S.Ct. 2877 (2008). In a removal action, that burden is upon the defendant. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921). Removal is a statutory remedy which must be narrowly construed so as to limit federal jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100

(1941); *Robinson v. Quality Ins. Co.*, 633 F.Supp. 572 (S.D. Ala. 1986).

The Court notes that any civil action over which the district court would have original jurisdiction may be removed by the defendant to the district court for the district in which the action is pending.  28 U.S.C. § 1441(a).  The district court has jurisdiction over actions between citizens of different states so long as all plaintiffs are diverse from all defendants, *Strawbridge v. Curtiss*, 7 U.S. 267 (1806), and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(b).

There is no apparent dispute that the parties are diverse (Complaint, ¶¶ 1-2; Doc. 2, ¶¶ 1-3).  What is disputed is whether the matter in controversy exceeds $75,000.  Wiltew argues that the jurisdictional requirement of $75,000 has not been proven by Parker (Doc. 5).

In reviewing the Complaint, the Court notes that Plaintiff has specified no amount of damages sought in bringing this action (Complaint).  Even more pointedly, the Court notes that Wiltew does not cite the specific damages sought or how that amount is to be determined.  In an effort to satisfy the jurisdictional requisite, Parker has provided a declaration in which he sets out the value of three different bids which form the basis of

Wiltew's claims against him (Doc. 1, Parker Declaration).[2]

However, the Eleventh Circuit Court of Appeals, in *Lowery*, held that a party cannot determine the jurisdictional value of a case by gathering evidence from outside sources. *Lowery*, 483 F.3d at 1221.  More specifically, the Court stated as follows:

> Defendants must establish the jurisdictional amount by a preponderance of the evidence. We note, however, that in situations like the present one-where damages are unspecified and only the bare pleadings are available-we are at a loss as to how to apply the preponderance burden meaningfully.  We have no evidence before us by which to make any informed assessment of the amount in controversy.  All we have are the representations relating to jurisdiction in the notice of removal and the allegations of the plaintiffs' [] complaint.  As such, any attempt to engage in a preponderance of the evidence assessment at this juncture would necessarily amount to unabashed guesswork, and such speculation is frowned upon. *See Lindsey v. Ala. Tel. Co.*, 576 F.2d 593, 595 (5th Cir.1978) (noting, in a removed class action, that "it was not open for defendants to attempt to show" the requisite amount in controversy per capita where the complaint made insufficient allegations, "[n]or was it open to the district court to speculate" on whether the jurisdictional facts existed).
> [W]e conclude that the removal-remand scheme set forth in 28 U.S.C. §§ 1446(b) and 1447(c) requires that a court review the propriety of removal on the basis of the removing documents.  If the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily

---

[2] Parker has declared that the labor portion of one bid was in excess of $100,000; he has further indicated that one bid involved 12 tanks at $60,000 each while another bid involved 35 mud tanks at $70,000 each (Doc. 1, Parker Declaration).

>     deducible from them, then the court has
>     jurisdiction.  If not, the court must remand.
>     Under this approach, jurisdiction is either
>     evident from the removing documents or remand
>     is appropriate.

*Lowery*, 483 F.3d at 1211-12.

In spite of this language, Parker has argued that *Lowery* supports its argument and that his declaration provides the necessary information to demonstrate that this Court has jurisdiction over the matter (Doc. 11, p. 4).  Defendant, however, is mistaken about the scope of *Lowery*.

*Lowery* clearly allows a defendant to tender any documents or papers that the plaintiff has presented during the course of litigation.  Specifically, *Lowery* states that, "in assessing the propriety of removal, **the court considers the document received by the defendant from the plaintiff**-be it the initial complaint or a later received paper-and determines whether that document and the notice of removal unambiguously establish federal jurisdiction."  *Lowery*, 483 F.3d 1213 (emphasis added).  Defendant's declaration is not a document received from the Plaintiff, so it does not satisfy *Lowery*.

Defendant also references a footnote in *Lowery* which states that "a defendant would be free to introduce evidence regarding damages arising from a source such as a contract provision whether or not the defendant received the contract from the plaintiff."  *Lowery*, 483 F.3d 1214 n.66.  However, the Court

finds that Parker's Declaration falls short of what is contemplated in footnote sixty-six.  Defendant has not provided copies of the actual bids that were submitted which would substantiate the figures asserted.  Furthermore, this Court's close reading of the Complaint fails to clearly identify the specific damages sought by Wiltew; any assumption of that amount would be speculative.[3]

The Court has reviewed the briefs and the evidence of record and finds that Defendant has failed to demonstrate that this Court has jurisdiction over the matter.  To accept Parker's declaration would amount to speculation on the part of the Court. *Lowery* specifically forbids this.

Therefore, it is recommended that Plaintiff's Motion to Remand be granted (Doc. 5) and that this action be remanded to the Mobile County Circuit Court for all further proceedings.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate

---

[3]The Court notes that Defendant misrepresents Wiltew's claim in asserting that Plaintiff seeks "'lost profits on the contract[s], lost value of work/labor and other compensatory damages'" (Doc. 11, pp. 6-7) (citing Doc. 5, ¶ 8).  Instead, Wiltew clearly states that Defendant can only speculate as to whether or not these are the damages sought (*see* Doc. 5, ¶ 8).

judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed <u>de novo</u> and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **<u>Transcript (applicable where proceedings tape recorded)</u>**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 16th day of October, 2009.

<u>s/BERT W. MILLING, JR.</u><br>
UNITED STATES MAGISTRATE JUDGE

7